UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WELLS FARGO BANK, N.A.,                          :
                        Plaintiff,                          **09 Civ. 0854 (JSR)**
                                    :
           - against -                            **DEFENDANT'S ANSWER AND**
                                    :          **COUNTERCLAIM**
TIMOTHY L. SHARMA,
                      Defendant.      :

------------------------------------------------------------------X

       COMES NOW Defendant and Cross-Plaintiff Timothy L. Sharma (hereinafter, "Sharma"), and in response to the Complaint for Declaratory Relief of Plaintiff Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), respectfully submits his Answer and Counterclaim, alleging as follows:

## ANSWER TO COMPLAINT

       1.      Sharma admits the allegations set out in paragraph 1 of the Complaint to the following extent, based on Sharma's inquiries in connection with his litigation in Houston, Texas, against Wells Fargo filed contemporaneously with the Complaint: Wells Fargo Bank, National Association, is a business entity organized and existing under the laws of the State of South Dakota, whose office is located at 90 S 7th Street, MAC N9305-164, Minneapolis, MN 55479-0001, and that Wells Fargo is authorized to do business in Texas as a national banking association.

       2.      Sharma admits the allegations set out in paragraph 2 of the Complaint.

       3.      Sharma admits the allegations set out in paragraph 3 of the Complaint. In connection with such admission, Sharma does not waive any rights he may have to

pursue any claims he may have against Wells Fargo or others in other appropriate forums to the extent they are not disposed of in this court.

4. Sharma admits the allegation of permissive and non-exclusive venue set out in paragraph 4 of the Complaint without waiving his assertion that venue is also proper in the courts in Houston, Harris County, Texas, in which Sharma's claims against Wells Fargo were brought contemporaneously with the declaratory judgment action which is the foundation of Wells Fargo's position as plaintiff herein. Sharma denies the remainder of the allegations in paragraph 4 of the Complaint.

5. Sharma denies the allegation in paragraph 5 of the Complaint that he has repudiated the Swap Agreement contract between the parties. Sharma admits the characterization of the swap transactions and previous loans.

6. Sharma denies the allegations contained in paragraph 6 of the Complaint consisting of Wells Fargo's characterization of the circumstances surrounding the initiation of the swap transactions.

7. Sharma admits the allegations contained in paragraph 7 of the Complaint.

8. Sharma denies the allegations contained in paragraph 8 of the Complaint.

9. Sharma denies the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 contains only Wells Fargo's statements of its position on the legal issues, and does not contain any statements of facts. Sharma is without knowledge sufficient to form a belief as to the basis for such statements, and therefore to the extent Wells Fargo offers the statements as allegations of fact, Sharma denies such allegations.

11. Paragraph 11 contains only Wells Fargo's statements of its position on the legal issues, and does not contain any statements of facts. Sharma is without knowledge

sufficient to form a belief as to the basis for such statements, and therefore to the extent Wells Fargo offers the statements as allegations of fact, Sharma denies such allegations.

12. Sharma admits the allegations set out in paragraph 12 of the Complaint.

13. Sharma admits the allegations set out in paragraph 13 of the Complaint.

14. Sharma admits the allegations set out in paragraph 14 of the Complaint, except to the extent that they could be construed to imply that the meetings referred to therein were at Sharma's instance or request.

15. Sharma admits the allegations set out in paragraph 15 of the Complaint.

16. Sharma admits the allegations set out in paragraph 16 of the Complaint, except to the extent that that they could be construed to imply that Sharma's attorney provided investment advice or recommendations to Sharma or that Sharma's attorney counseled Sharma on the economic terms and conditions of the potential swap transactions.

17. Sharma denies the allegations set out in paragraph 17 of the Complaint.

18. Sharma admits the allegations set out in paragraph 18 of the Complaint.

19. Sharma admits the allegations set out in paragraph 19 of the Complaint.

20. Sharma admits the allegations set out in paragraph 20 of the Complaint.

21. Sharma admits the allegations set out in paragraph 21 of the Complaint, noting that the language quoted from the Swap Agreement is incomplete. Sharma denies that the contents of the quotation set out in this paragraph is complete.

22. Sharma admits the allegations set out in paragraph 22 of the Complaint, except that Sharma denies that the summary of the provision set out in this paragraph is complete.

23. Sharma admits the allegations set out in paragraph 23 of the Complaint, except that Sharma denies that the summary of the provision set out in this paragraph is complete.

24. Sharma admits the allegations set out in paragraph 24 of the Complaint.

25. Paragraph 25 contains only Wells Fargo's statements of its position on the legal issues, and does not contain any statements of facts. Sharma is without knowledge sufficient to form a belief as to the factual basis for such statements, and therefore to the extent Wells Fargo offers the statements as allegations of fact, Sharma denies such allegations.

26. Sharma denies the allegations contained in paragraph 26 of the Complaint.

27. Sharma admits the allegations set out in paragraph 27 of the Complaint.

28. Paragraph 28 contains legal argument and/or speculation rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies such allegations.

29. Sharma admits the allegations set out in paragraph 29 of the Complaint.

30. Sharma denies the allegations contained in paragraph 30 of the Complaint.

31. Sharma denies the allegations contained in paragraph 31 of the Complaint.

32. Sharma denies the allegations contained in paragraph 32 of the Complaint.

33. Sharma denies the allegations contained in paragraph 33 of the Complaint.

34. Sharma denies the allegations contained in paragraph 34 of the Complaint.

35. Paragraph 35 contains legal argument rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies such allegations.

36. Paragraph 36 contains legal argument rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies such allegations.

37. Paragraph 37 contains legal argument rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies that such allegations contain a full and accurate statement of his position, which is set out in full below in his Counterclaim.

38. Paragraph 38 contains legal argument rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies that such allegations contain a full and accurate statement of his position, which is set out in full below in his Counterclaim.

39. Paragraph 39 contains legal argument rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies that such allegations contain a full and accurate statement of his position, which is set out in full below in his Counterclaim.

40. Paragraph 40 contains legal argument rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies that such allegations contain a full and accurate statement of his position, which is set out in full below in his Counterclaim.

41. Paragraph 41 contains legal argument rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies that such allegations contain a full and accurate statement of his position, which is set out in full below in his Counterclaim.

42. The prayer contains legal argument and unsupported requests for relief rather than statements of facts. To the extent Wells Fargo offers the statements as allegations of fact, Sharma denies that such allegations contain a full and accurate statement of his position, which is set out in full below in his Counterclaim, or that Wells Fargo has shown itself to be entitled to relief, all as more fully set out above. Sharma is entitled to relief as set out below.

## AFFIRMATIVE DEFENSES

1. Wells Fargo's claims fail to state claims upon which relief can be granted.

2. Wells Fargo's claims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

3. Wells Fargo's claims do not meet the factors that support federal court issuance of declaratory relief.

4. Wells Fargo has not pled an actual controversy that has ripened into a violation of the law or a breach of some contractual duty.

5. Wells Fargo cannot obtain a declaration of nonliability on Sharma's tort claims.

6. Wells Fargo's claims are barred by the doctrine of unilateral mistake.

7. Wells Fargo's claims are barred by Sharma's continued and uninterrupted performance under the Swap Agreement.

8. Wells Fargo has not sustained any damages.

9. If Wells Fargo has sustained any damages, it has failed to mitigate its damages.

10. Sharma reserves the right to plead additional defenses (or cross-claims

or counter claims) that may be identified during investigation and/or course of discovery.

## **COUNTERCLAIMS**

Counterclaimant Timothy L. Sharma, M.D., hereby alleges as follows:

### **Parties**

1.Counterclaimant Sharma, a medical doctor, is an individual residing in Houston, Harris County, Texas.

2.Wells Fargo is a foreign business entity organized and existing under the laws of the State of South Dakota.

### **Allegations Common to All Counterclaims**

3.Charles Calvin ("Calvin") is and at all material times was a Wells Fargo employee. Sharma met Calvin in the early 1990s upon Wells Fargo's acquisition of First Interstate Bank. Throughout the 1990s and until recently, Calvin regularly visited Sharma to obtain an update on how Sharma's business was doing. Upon receiving these updates, Calvin would give Sharma business advice from his prospective as a banker. Through the years, with Calvin's assistance, Sharma took out several loans from Wells Fargo to finance real estate projects. Each of the loans had a variable or floating interest rate.

4.In 2006 and 2007, Calvin expressed concern that Sharma might not be able to keep up with his loan payments to Wells Fargo. In 2006, interest rates rose significantly. Calvin and Wells Fargo expressed concern that if interest rates remained high, Sharma would have significant difficulty in making timely payments on the loans.

5.Deo Shanker, Sharma's business assistant, told Sharma about how Calvin and Wells Fargo were insisting that Sharma participate in a sophisticated financial

instrument affecting his interest rates to get some sort of protection. Concerned, Sharma agreed to meet with Calvin and other representatives from Wells Fargo. At this meeting and in other conversations, Calvin stated in essence that:

    a. Neither I nor the bank would profit from the interest rate swap.

    b. The bank has to go to the open market to purchase the swap. The bank then gives it at no cost to you. Neither the bank nor I would make any money from the transaction. We are doing this for your benefit.

    c. The bank does not own the swap operations. That is a separate business owned by others and is traded on the open market.

Relying upon Calvin's representations, and on Wells Fargo's explanation of the terms and conditions to the interest rate swap, Sharma entered into a Swap Agreement with Wells Fargo in February, 2007. Subsequently, Sharma learned that Calvin's representations regarding the swap were false.

    6. Prior to entering into the Swap Agreement, Sharma had never participated in an interest rate swap or other financial derivative investment. For this reason, Wells Fargo took it upon itself to explain the terms and conditions of the swap to Sharma. Wells Fargo, however, failed to adequately explain the swap to Sharma. For example, more than a month after execution of the Swap Agreement, Wells Fargo had still not provided adequate information for Sharma to understand the swap fully.

First Claim for Relief
*Negligent Misrepresentation*

    7. Sharma incorporates by reference the factual allegations contained in the preceding paragraphs.

8. As explained above, Calvin made several misrepresentations to Sharma. Wells Fargo also represented to Sharma that they had adequately explained the terms and conditions of the swap. Wells Fargo made the representations to Sharma for his guidance in the course of inducing him to enter into a transaction in which it had an interest. Wells Fargo's representations were false. Wells Fargo did not use reasonable care or competence in communicating the actual terms of the transaction to Sharma. Sharma justifiably relied on Wells Fargo's representations when he entered into the Swap Agreement at Wells Fargo's instance.

9. Wells Fargo's misrepresentation proximately caused injury to Sharma, which resulted in damages to him. The negligent misrepresentations to Sharma resulted from Wells Fargo's gross negligence. Consequently, Sharma is also entitled to the recovery of exemplary damages.

Second Claim for Relief
*Common Law Fraud*

10. Sharma incorporates by reference the factual allegations contained in the preceding paragraphs.

11. As explained above, Calvin made several misrepresentations to Sharma. Wells Fargo also represented to Sharma that they had adequately explained the terms and conditions of the swap. Wells Fargo's representations were false statements of fact. Wells Fargo made the false representations knowingly and/or recklessly. Wells Fargo intended for Sharma to rely on its false representations. Sharma relied on Wells Fargo's false representations when he entered into the Swap Agreement.

12. Wells Fargo's false representations directly and proximately caused injury to Sharma, which resulted in damages to him. Sharma's injuries resulted from Wells Fargo's actual fraud or malice, which entitles Sharma to exemplary damages.

Third Claim for Relief
*Breach of the Duty of
Good Faith and Fair Dealing*

13. Sharma incorporates by reference the factual allegations contained in the preceding paragraphs.

14. Sharma had a special relationship with Wells Fargo. This special relationship existed because there was an unequal bargaining power between the parties and a risk existed that Wells Fargo could take advantage of Sharma based upon the imbalance of power. In addition and/or in the alternative, a special relationship existed between the parties because of the element of trust necessary to accomplish the goals of the swap. Due to this special relationship, Wells Fargo owed Sharma the duty of good faith and fair dealing.

15. Wells Fargo breached its duty of good faith and fair dealing by the acts outlined in the paragraphs above. As a consequence of these breaches, Sharma has suffered damages. Wells Fargo breached its duty of good faith and fair dealing with malice and/or through gross negligence. Consequently, Sharma is also entitled to the recovery of exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant prays for relief as follows:

    a. Render judgment denying Wells Fargo's request for declaratory relief.

    b. Dismiss Wells Fargo's declaratory judgment action with prejudice.

   c. Assess Sharma's costs against Wells Fargo.

   d. Award Sharma his attorney fees.

   e. Render judgment for Sharma against Wells Fargo for damages, rescission, or both.

   f. Award Sharma all other relief, including pre- and post-judgment interest, the Court deems appropriate.

Dated: Houston, Texas
       April 20, 2009

Nelson S. Ebaugh (*Pro Hac Vice*)
Nelson S. Ebaugh, P.C.
1001 McKinney, Suite 550
Houston TX 77002
Tel. (713) 752-0700
nebaugh@ebaughlaw.com

By:   /s/Nelson S. Ebaugh
     Nelson S. Ebaugh

**Attorneys for Timothy L. Sharma, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 20th day of April, 2009, a copy of the above and foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Andrew W. Stern, Esq.
Martin B. Jackson, Esq.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

                /s/Nelson S. Ebaugh
                Nelson S. Ebaugh